IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01797-LTB-MEH

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

DELBERT SHERBONDY and
CHRISTINA SHERBONDY, and any and all other occupants claiming an interest under the defendants,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Vacate Judgment [filed July 15, 2011; docket #3]. The motion is referred to this Court for recommendation. (Docket #8.) Oral argument would not assist the Court in its adjudication. For the reasons stated below and the entire record herein, the Court **RECOMMENDS** this matter be **REMANDED** and Defendants' motion be **DENIED AS MOOT**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**I.    Background**

Defendants removed this action from county court in Lake County, Colorado, on July 11, 2011. (Docket #1.) Defendants assert both federal question and diversity jurisdiction as proper bases for removal. (*Id*. at 2.) Review of the complaint indicates to the Court that the action initiated by Plaintiff relates to the foreclosure of a certain property occupied by Defendants and now owned by Plaintiff. (*See* docket #2.)

On July 15, 2011, Defendants filed the motion to vacate judgment presently before the Court. Defendants ask the Court to vacate a judgment entered on July 12, 2011, by Lake County Court granting the eviction requested by Plaintiff. (Docket #3 at 2.) Defendants contend Lake County Court impermissibly entered this judgment, as it was aware Defendants had removed the case to this district the day before. (*Id*.) Defendants included a minute order that appears to have been issued by Lake County Court explaining that the court found the removal petition to be insufficient. (*Id*. at 4.) The court then entered default judgment against the Defendants. (*Id*.)

Plaintiff responded to the motion to vacate judgment and corroborated the minute order included with Defendants' motion. Plaintiff indicates that the state court found the notice of removal to be improper, as Defendants failed to articulate a proper basis for federal question jurisdiction or establish diversity jurisdiction. (Docket #5 at 2.) Furthermore, Plaintiff invokes the *Rooker-Feldman* doctrine and argues that this Court lacks subject matter jurisdiction over the case. (*Id*. at 2-3.) Plaintiff asserts that the matter should be remanded *sua sponte*. (*Id*. at 4.)

The Court finds it curious that Plaintiff has not filed a motion for remand. However, pursuant to the Court's obligation to satisfy itself of subject matter jurisdiction at any time during a proceeding, the Court agrees with Plaintiff that the notice of removal is deficient, and this Court lacks subject matter jurisdiction.

**II.     Discussion**

"Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Harris v. Illinois-Cali. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). "Subject matter may not be conferred on a federal court by stipulation, estoppel, or waiver." *United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "This question the court is bound to ask and answer for itself, even when not otherwise suggested." *Pennaco Energy, Inc. v. U.S. Dep't of the Interior*, 377 F.3d 1147, 1155 n.4 (10th Cir. 2004) (citing *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction."). Federal jurisdiction in the instant removal action is premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship under 28 U.S.C. § 1332. The Court addresses each in turn.

*A.     Federal Question*

28 U.S.C. § 1446(a) requires that a notice of removal contain a short and plain statement of the grounds for removal. Here, Defendants fail to provide a short and plain statement of the federal question that supports removal. In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Review of Plaintiff's complaint demonstrates to the Court that it does not present a federal question. (*See* docket #2.) The complaint clearly establishes

that the cause of action asserted arises pursuant to state law, as this action is for forcible entry and unlawful detainer (eviction) regarding a foreclosed property. Defendants do not demonstrate the existence of a federal question on the face of Plaintiff's complaint.[2] Thus, the Court concludes that Defendants may not invoke federal question jurisdiction as a basis for this action.

### B.     *Diversity Jurisdiction*

"The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citation omitted). The presumption is therefore "against removal jurisdiction." *Laughlin,* 50 F.3d at 873. As the party invoking federal court jurisdiction, Defendant bears the burden of establishing that the requirements of diversity jurisdiction are present by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873.

"In a removal case, if any one of the defendants is a citizen of the state where the action sought to be removed is filed a defendant may not remove to federal court on the basis of diversity." *Deutsche Bank v. Miller*, No. 11-cv-00014-WYD-MEH, 2011 WL 116860, at *2 (D. Colo. Jan. 12, 2011) (citing 28 U.S.C. § 1441(b)). Here, as stated in the notice of removal, Defendants are citizens of Colorado, thus removal to the federal court in Colorado on the basis of diversity jurisdiction is impermissible. (*See* docket #1 at 2.)

---

[2]Moreover, although this issue is not raised by either side, the Court notes that "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citation omitted).

**III.     Conclusion**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (West 2011). Defendants asserted both federal question and diversity jurisdiction in their notice of removal; however, as explained above, neither statute establishes subject matter jurisdiction over Plaintiff's complaint. Accordingly, the Court **RECOMMENDS** this matter be **REMANDED** and Defendants' Motion to Vacate Judgment [filed July 15, 2011; docket #3] be **DENIED AS MOOT**. The Scheduling Conference set for September 30, 2011, is hereby **vacated**.

Respectfully entered and dated at Denver, Colorado, this 11th day of August, 2011.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge